UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW M. LIEB,

                Plaintiff,

-against-

KORANGY PUBLISHING, INC. (d/b/a THE REAL DEAL),

                Defendant.
------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

      Andrew M. Lieb, by and through his attorney, DENNIS VALET of LIEB AT LAW, P.C., for his Complaint against Korangy Publishing, Inc. states the following allegations.

## I. NATURE OF THE ACTION

1. This is an action for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. §106.

2. This is an action for deceptive business practices arising under New York's General Business Law §349.

3. Plaintiff brings this action to prevent further infringement of Plaintiff's rights and to recover appropriate actual and/or statutory damages against the Defendant under the laws of New York and the United States.

## II. PARTIES

4. That Plaintiff was and continues to be a resident of the County of Suffolk, State of New York, at all times hereinafter mentioned.

5. Upon information and belief and at all times hereinafter mentioned, Defendant was and is a domestic corporation doing business in the County of New York, State of New York.

6. Upon information and belief, Defendant maintains a primary place of business at 158 West 29th Street, New York, NY 10001.

### III. JURISDICTION AND VENUE

7. Jurisdiction of the court is invoked under 28 U.S.C.A. §1338(a) as an action arising under Acts of Congress relating to copyrights and trademarks, namely, the Copyright Act of 1976, 17 U.S.C.A. §§ 101 et seq. This court has pendent jurisdiction over claims arising under state law pursuant to 28 U.S.C.A. §1338(b) and 28 U.S.C.A. §1367(a).

8. Venue is proper in this district pursuant to 28 U.S.C.A. §1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred within the district.

### IV. FACTS

9. Plaintiff is an independent contractor blogger for the online non-party publication known as The Huffington Post.

10. Incident thereto:

    a. Plaintiff's primary work consists of drafting articles regarding real estate legal issues in New York State;

    b. The articles are published on the Internet website known as huffingonpost.com; and

    c. Plaintiff retained the copyright to his works and only granted non-party The Huffington Post a license for use.

11. Defendant is the publisher of the website called The Real Deal (a/k/a therealdeal.com).

12. On or around October 31, 2014, Plaintiff's article "10 Surprises When Inheriting Real Estate" (hereinafter "Copyrighted Work") was published on the Internet website known as huffingtonpost.com. A copy of the Copyrighted Work is attached hereto as **Exhibit "1"**.

13. Plaintiff's Copyrighted Work has a Certificate of Registration dated November 12, 2014. A copy of the Certificate of Registration is attached hereto as **Exhibit "2"**.

14. Plaintiff's Copyrighted Work has a copyright registration number of TX0007932377/2014-11-12.

15. Pursuant to 17 U.S.C.A. §412(2), registration was made within three months after the first publication of the work.

16. On or around November 1, 2014, Defendant's article "Watch for These 10 Surprises When Inheriting Real Estate" (hereinafter "Infringing Work") was published on the Internet website known as therealdeal.com. A copy of the Infringing Work is attached hereto as **Exhibit "3"**.

17. Defendant's Infringing Work hyperlinked to the Copyrighted Work.

18. Defendant willfully infringed the Copyrighted Work by and through the Infringing Work.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff is the owner of all rights, title and interest in the Copyrighted Work.

20. The Copyrighted Work is comprised of wholly original material.

21. The Copyrighted Work is of a copyrightable subject matter under the copyright laws of the United States.

22. With full knowledge of Plaintiff's rights therein, Defendant has infringed and continues to infringe Plaintiff's Copyrighted Work by copying and/or promoting the work on the Internet website known as therealdeal.com, among others.

23. Such copying was done without the consent, approval or license of Plaintiff.

24. Defendant's acts identified above violate Plaintiff's exclusive rights under The Copyright Act of 1976, 17 U.S.C.A. §106, and constitute infringements of its Copyrighted Work under 17 U.S.C.A. §501.

25. Plaintiff was injured as a result of Defendant's Infringing Work.

26. Defendant's Infringing Work caused and continues to cause irreparable harm and damage to Plaintiff.

27. As a result:

   a. Defendant's copyright infringement should be permanently enjoined.

   b. Plaintiff should be awarded judgment of actual damages in a sum to be determined by this Court.

   c. Plaintiff should be awarded judgment of statutory damages in the sum One-Hundred Fifty Thousand Dollars and no cents ($150,000.00) from the Defendant.

   d. Defendant should be required to pay Plaintiff's reasonable attorneys' fees and costs in pursuing this action.

## AS AND FOR A SECOND CAUSE OF ACTION

28. Defendant engaged in acts or practices that were unlawful as declared in New York's General Business Law §349.

29. Defendant advertised the Infringing Work on internet websites known as therealdeal.com, pinterest.com and/or facebook.com, and upon information and belief, other advertisements. (hereinafter "Advertisements").

30. Defendant's Advertisements were consumer-oriented in that the Advertisements were intended to attract consumers to therealdeal.com.

31. Defendant's Advertisements were directed towards two (2) sets of consumers: 1) Users and/or Readers of therealdeal.com; and 2) Copyright Holders.

32. Defendant's Advertisements have a broad impact on Users and/or Readers of therealdeal.com at large because:

   a. The Advertisements hyperlink to the Infringing Work, which, in turn, distorts information contained in the Copyrighted Work and thereby misleads and consequently harms consumers;

   b. The Advertisements hyperlink to the Infringing Work, which, in turn, hyperlinks to the Copyrighted Work and thereby wrongfully suggests and/or implies and/or represents that the Infringing Work was published with the apparent authority to hold itself out as of equal value to the Copyrighted Work and thereby harms consumers.

   c. Search engine quer(ies) and/or search(es) for the title of the Copyrighted Work and/or a subset of the title, produces first-page result(s) of the Infringing Work and thereby misdirects consumers at large to the Infringing Work and thereby harms consumers.

33. Defendant's Advertisements have a broad impact on Copyright Holders at large because:

   a. The Advertisements hyperlink to the Infringing Work, which, in turn, hyperlinks to the Copyrighted Work and thereby wrongfully suggests and/or implies and/or represents that the Infringing Work was published with the authorization of Plaintiff;

   b. The author of the Infringing Work, non-party Christopher Cameron, has authored numerous articles on behalf of Defendant as its agent that hyperlink to works of

Copyright Holders and thereby establishes a pattern of copyright infringement on Copyright Holders by Defendant;

c. The Copyrighted Work is one of the numerous articles that non-party Christopher Cameron as an agent of Defendant published without the authorization of the Copyright Holder(s).

34. Defendant's Advertisements were deceptive and misleading in a material way in that the Infringing Work was falsely advertised as a wholly original work and it was falsely advertised to have been authored by a non-party, Christopher Cameron.

35. Plaintiff was injured as a result of Defendant's Advertisements because he was deprived due credit for his Copyrighted Work.

36. Defendant violated New York's General Business Law §349.

37. As a result, Defendant's unlawful act or practice should be enjoined.

38. Defendant willfully and/or knowingly violated New York's General Business Law §349.

39. As a result, Plaintiff should be awarded judgment in the sum of One Thousand Dollars and no cents ($1,000.00) from the Defendant.

40. As a result, Defendant should be required to pay Plaintiff's reasonable attorneys' fees and costs in pursuing this action.

**WHEREFORE**, Plaintiff requests that the court grant it the following relief:

A. That Defendant be permanently enjoined from infringing the Copyrighted Work;

B. That the court order the deletion of Defendant's Infringing Article;

C. The Defendant be required to pay to Plaintiff such actual damages as they have sustained as a result of Defendant's copyright infringement pursuant to 17 U.S.C.A. §504(b);

D. That Defendant be required to account for and disgorge to Plaintiff all gains, profits and advantages derived by its copyright;

E. The Defendant be required to pay Plaintiff statutory damages of One-Hundred Fifty Thousand Dollar and no cents ($150,000.00) pursuant to 17 U.S.C.A. §504(b);

F. That Defendant be required to pay Plaintiff an increase in the award of statutory damages due to Defendant's willful infringement pursuant to 17 U.S.C.A. §504(c)(2);

G. That Defendant be ordered to pay to Plaintiff the costs of this action along with reasonable attorney's fees pursuant to 17 U.S.C.A. §505;

H. The Defendant be ordered to pay to Plaintiff damages of One Thousand Dollars and no cents ($1,000.00) pursuant to N.Y. G.B.L. §349.

I. That Defendant be ordered to pay to Plaintiff the costs of this action along with reasonable attorney's fees pursuant to N.Y. G.B.L. §349; and

J. That Plaintiff is granted such further relief as the court deems just.

Dated: Center Moriches, New York
January 6, 2015

Very Truly Yours,

LIEB AT LAW, P.C.

Dennis C. Valet, Esq.
Admitted in the Eastern District
*Attorneys for Plaintiff*
376A Main Street
Center Moriches, New York 11934
(631) 878-4455
Dennis@Liebatlaw.com