UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANDREW M. LIEB,

       Plaintiff,     Docket No.: 2:15-cv-00040

 -against-

              **RESPONSE TO DEFENDANT'S**
KORANGY PUBLISHING, INC. (d/b/a  **FIRST SET OF INTERROGATORIES**
THE REAL DEAL),

       Defendant.   Magistrate Judge A. Kathleen Tomlinson
-----------------------------------------------------------X

**COUNSELORS**:

  **PLEASE TAKE NOTICE** that the following is Plaintiff, ANDREW M. LIEB's, response to Defendant's First Set of Interrogatories dated April 17, 2015.

  **PLEASE TAKE FURTHER NOTICE** that the following Interrogatories were answered by ANDREW M. LIEB. Any and all answers are made only to the extent that they are ANDREW M. LIEB's personal understanding and belief of the facts and circumstances contained herein. LIEB AT LAW, P.C. assisted ANDREW M. LIEB in the answering of these Interrogatories to the extent that LIEB AT LAW, P.C. provided and makes any legal objections contained therein.

## I.  GENERAL OBJECTIONS

1. Plaintiff objects to the demands of the Defendant to the extent that they seek documents and information that may be protected by the attorney-client privilege, the work-product doctrine, or any other privilege.

2. Plaintiff objects to the demands of the Defendant to the extent that they seek to impose obligations broader than those required by or authorized by the Federal Rules of Civil Procedure.

3. Plaintiff objects to the demands of the Defendant to the extent that they are overbroad, irrelevant, unduly burdensome, impermissibly vague or ambiguous, not reasonably calculated to lead to relevant evidence and/or require unreasonable efforts or expense on the part of the Plaintiff.

4. Plaintiff specifically objects to the demands of the Defendant that are overbroad to the extent that they are not sufficiently limited in duration.

5. Plaintiff objects to the demands of the Defendant to the extent that they call for a legal conclusion.

6. Plaintiff objects to the demands of the Defendant to the extent that they require Plaintiff to produce information pursuant to the demand on behalf of third parties or Defendant in this matter.

7. Plaintiff objects to the demands of the Defendant to the extent that they seek information that is public record.

8. Plaintiff further objects to the demands of Defendant to the extent that they are not appropriate for this discovery device.

9. Plaintiff's production pursuant to this demand is given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered facts. The failure of Plaintiff's to respond to any production request on a particular ground may not be construed as a waiver of his right to object on any additional ground(s).

10. If any of the requested documents or information comes into the possession, custody, or control of Plaintiff, he reserve the right to produce these items subsequent to discovery of the same.

11. Notwithstanding Plaintiff's objections and without waiving these objections, non-privileged documents and information are included and enclosed to the extent that Plaintiff is in possession, custody or control of them.

12. These General Objections shall apply to each demand herein and shall be incorporated by reference as though set forth fully in each of the responses below.

## II. RESPONSES

1. **Interrogatory:** Identify all person who have knowledge concerning plaintiff's blogging or writing for The Huffington Post and/or www.huffingtonpost.com (collectively referred to as "Huffington") including without limitation all persons who have knowledge concerning any agreement between plaintiff and Huffington.
   **Response:** Plaintiff objects to the foregoing interrogatory to the extent that it overbroad, unduly burdensome and impermissibly vague or ambiguous. Notwithstanding said objection, and without waiving the same, Andrew M. Lieb has knowledge concerning Plaintiff's blogging or writing for the Huffington Post.

2. **Interrogatory:** Identify all persons who have knowledge concerning plaintiff's blogging or writing for Dan's Papers, including without limitation all persons who have knowledge concerning any agreement between plaintiff and Dan's Papers.
   **Response:** Plaintiff objects to the foregoing interrogatory to the extent that it overbroad, unduly burdensome and impermissibly vague or ambiguous. Notwithstanding said objection, and without waiving the same, Andrew M. Lieb has knowledge concerning Plaintiff's blogging or writing for Dan's Papers.

3. **Interrogatory:** Identify all newspapers, magazines, or other periodicals, whether in print or online, in which plaintiff's real estate articles have been published, and provide a list of all such

articles that includes the title or headline of the article, the date of publication, and information sufficient to locate the article (including, as to each online article, its webpage address).
**Response:** Plaintiff objects to the foregoing interrogatory to the extent that it is unduly burdensome and requires unreasonable effort or expense on the part of Plaintiff. Notwithstanding said objection, and without waiving the same, a list of Plaintiff's articles is contained in the documents produced in response to Defendant's First Request for Documents.

4. **Interrogatory:** Set forth in detail all consideration paid to plaintiff by Huffington in consideration of the license granted to it by plaintiff to publish the Article.
**Response:** Plaintiff objects to the foregoing interrogatory to the extent that it is overbroad, and/or impermissibly vague or ambiguous. Plaintiff further objects to the foregoing interrogatory on the ground that it presupposes a legal conclusion and/or fact not yet in evidence. Notwithstanding said objection, and without waiving the same, Plaintiff received no money from the Huffington Post in consideration of the Huffington Post's publication of the Article.

5. **Interrogatory:** Set forth in detail all consideration paid to plaintiff by Huffington in consideration of the license granted to it by plaintiff to publish in the last five years any article other than the Article.
**Response:** Plaintiff objects to the foregoing interrogatory to the extent that it is overbroad, and/or impermissibly vague or ambiguous. Plaintiff further objects to the foregoing interrogatory on the ground that it presupposes a legal conclusion and/or fact not yet in evidence. Notwithstanding said objection, and without waiving the same, Plaintiff received no money from

the Huffington Post in consideration of the Huffington Post's publication of any of Plaintiff's articles.

6. **Interrogatory:** State whether the Article, or any other writing by Plaintiff based thereon or derived therefrom, has been published in any magazine, newspaper, blog or other print or electronic format, and for each such instance, identify the publication and state the date of publication, set forth in detail all consideration paid to plaintiff; and identify any agreement relating thereto.

   **Response:** Plaintiff objects to the foregoing interrogatory to the extent that it is overbroad, irrelevant, unduly burdensome, impermissibly vague or ambiguous, not reasonably calculated to lead to relevant evidence and/or require unreasonable efforts or expense on the part of the Plaintiff. Notwithstanding said objection, and without waiving the same, Plaintiff posted a link to the Article on Lieb Blog on November 3, 2014 at the following url: blog.liebatlaw.com/2014/11/10-surprises-when-inheriting-real-estate.html. Plaintiff received no money from Lieb Blog in consideration of Lieb Blog's publication of the link to Plaintiff's Article.

7. **Interrogatory:** Set forth in detail all consideration paid to plaintiff by Dan's Papers in consideration of any license or other permission granted to it by plaintiff to publish the "post" from which the Article indicates, in its last line, it was adapted.

   **Response:** Plaintiff objects to the foregoing interrogatory to the extent that it is overbroad, and/or impermissibly vague or ambiguous. Plaintiff further objects to the foregoing interrogatory on the ground that it presupposes a legal conclusion and/or fact not yet in evidence.

Notwithstanding said objection, and without waiving the same, Plaintiff received sponsorship from Dan's Papers for the real estate school of which he is a part owner, Lieb School, and free advertising in Dan's Papers in consideration of Dan's Papers' publication of the "post".

8. **Interrogatory:** Set forth in detail all consideration paid to plaintiff by Dan's Papers in consideration of any license or other permission granted to it by plaintiff in the last five years to publish any post or other article other than the "post" from which the Article indicates, in its last line, it was adapted.

   **Response:** Plaintiff objects to the foregoing interrogatory to the extent that it is overbroad, and/or impermissibly vague or ambiguous. Plaintiff further objects to the foregoing interrogatory on the ground that it presupposes a legal conclusion and/or fact not yet in evidence. Notwithstanding said objection, and without waiving the same, Plaintiff receives sponsorship from Dan's Papers for the real estate school of which he is a part owner, Lieb School, and free advertising in Dan's Papers in consideration of Dan's Papers' publication of any of Plaintiff's articles.

9. **Interrogatory:** State whether you applied for a copyright with respect to the "post" in Dan's Papers that is referred to in the Article's last line.
   **Response:** No.

10. **Interrogatory:** State in detail each element of monetary relief that you are seeking in this action, including without limitation the amount of damage, and the causal connection between

defendant's alleged conduct and such element of damage, and identify all person having knowledge of such details.

**Response:** Plaintiff objects to this interrogatory on the ground that it seeks information broader than that required or authorized by the Federal Rules of Civil Procedure. Plaintiff further objects to the interrogatory on the grounds that it calls for legal conclusion.

11. **Interrogatory:** Identify all persons having knowledge of the allegation in Paragraph 33(c) of the complaint that Christopher Cameron published "numerous articles" without the "authorization of the Copyright Holders".

    **Response:** Plaintiff does not have any personal knowledge responsive to this interrogatory. Plaintiff reserves the right to supplement this response should any responsive information come into Plaintiff's possession, custody or control.

12. **Interrogatory:** Identify all persons (a) who were involved in answered these interrogatories and (b) who were involved in responding to defendants' request for documents, including in searching for and producing responsive documents.

    **Response:** Andrew M. Lieb answered the foregoing interrogatories. Any and all legal objections contained therein were prepared by LIEB AT LAW, P.C. under the supervision of Dennis C. Valet, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 26 day of May, 2015.

Andrew M. Lieb

Lieb at Law, P.C.

_____
Dennis C. Valet, Esq.
*Attorneys for Plaintiff*
376A Main Street
Center Moriches, NY 11934
(631) 878-4455 ext. 116
Dennis.Valet@Liebatlaw.com

To:

Trachtenberg Rodes & Friedberg, LLP
Leonard A. Rodes
545 Fifth Avenue
New York, New York 10017
(212) 972-2929
lrodes@trflaw.com